UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL SCOTT ANDREWS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ELMORE COUNTY DETENTION CENTER MEDICAL STAFF, SHERIFF RICK LAYER,<br><br>Defendants. | Case No. 1:12-cv-00311-CWD<br><br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed Russell Scott Andrews's Complaint because of his inmate status and in forma pauperis request. The Court must review Plaintiff's Complaint to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff has consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 4.)

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**INITIAL REVIEW ORDER - 1**

## STANDARD OF LAW

The Court is required to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a prisoner or in forma pauperis complaint, or any portion thereof, that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); § 1915A(b).

A complaint should also be dismissed under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A prison official is not liable under § 1983 unless he or she personally participated in the alleged constitutional violations or, as a supervisor, knew of and failed to prevent those violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**INITIAL REVIEW ORDER - 2**

## REVIEW OF THE COMPLAINT

Plaintiff alleges that, while he was detained at the Elmore County Detention Center in January of 2011, medical staff  "removed" his prescribed medications, causing him serious mental and physical pain and suffering. (Complaint, Dkt. 3, pp. 1-2.) Plaintiff's allegations are otherwise exceptionally vague; he does not indicate what his medical condition was, which medications were stopped, whether he received some other medical treatment, or the precise nature of his injuries. And rather than identifying the jail personnel who made the decision to stop his medication, he lists the "Elmore County Detention Center Medical Staff" as defendants, which is the equivalent of naming John and Jane Does who are unknown and cannot be served with process. Sheriff Rick Layer, also listed in the Complaint, may be an appropriate defendant based upon Plaintiff's allegations that he failed to supervise his staff and that he enforced a policy that resulted in unconstitutional medical care, but Plaintiff does describe the jail's policy regarding the dispensing of medication that the Sheriff allegedly enforced.

Accordingly, because the Complaint currently contains no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *see Iqbal*, 556 U.S. at 678, the Court finds that it is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted.

Plaintiff will be given leave to amend his Complaint to cure these deficiencies. Plaintiff is advised that to state a constitutional claim in an amended complaint regarding inadequate medical care, he must allege facts tending to show that named defendants'

**INITIAL REVIEW ORDER - 3**

"acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Disagreements between a prisoner and a medical professional, however, about the appropriate course of treatment are insufficient to state a constitutional cause of action. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Because Plaintiff has not yet made it past the screening stage, his Application to Proceed In Forma Pauperis will be deemed moot, but the Court will revisit the Application if Plaintiff files an amended complaint. Even if Plaintiff is granted in forma pauperis status, he still will be required to pay the full $350.00 filing fee, but it will be taken out of his prison trust account in installments rather than up front at filing. 28 U.S.C. § 1915(b).

**INITIAL REVIEW ORDER - 4**

Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court does not have enough factual information about the case to determine whether the claim or claims may be meritorious. The Court finds it appropriate to deny Plaintiff's request for counsel at this time, but it will reconsider appointment at a later date when evidence addressing the merits of the claims has been presented to the Court.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is DEEMED MOOT, subject to reconsideration in the event that Plaintiff files an amended complaint.

2.      Plaintiff's request for the appointment of counsel, contained within his Complaint, is DENIED without prejudice.

3.      No later than 30 days from the date of this Order, Plaintiff shall file an amended complaint to cure the deficiencies noted herein, or the case will be dismissed without prejudice. Together with any amended complaint, Plaintiff shall file a motion, labeled "Motion to Proceed with Amended Complaint." Alternatively, Plaintiff may choose to voluntarily dismiss his

Complaint, without prejudice, by filing a notice of voluntary dismissal with

the Court.



DATED: December 3, 2012

Honorable Candy W. Dale
United States Magistrate Judge